IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH P. KACHIK, )
)
        Plaintiff, )
) Civil Action No. 09-149 Erie
)
        v. )
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
        Defendant. )

**MEMORANDUM ORDER**

McLAUGHLIN, SEAN J., J.

## I. INTRODUCTION

Plaintiff, Joseph P. Kachik ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq,* and § 1381 *et seq.* Presently pending before the Court is a Report and Recommendation of the Magistrate Judge recommending that the Defendant's motion for summary judgment be denied and that the case be remanded to the ALJ for further proceedings. The Defendant has filed objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Defendant's objections will be sustained, the Defendant's motion for summary judgment will be granted, and the Plaintiff's motion for summary judgment will be denied.

## II. PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI benefits claiming disability due to osteoporosis in his hip and lower back, anxiety and depression (Administrative Record, hereinafter "AR", 14; 337). His applications were denied, and he requested and was granted an administrative hearing before an administrative law judge ("ALJ") (AR 299-300; 303; 309; 601). A hearing was held on November 19, 2007 (AR 36-62). An impartial vocational expert testified that an individual with the Plaintiff's vocational profile could perform the light jobs of an agricultural produce sorter or assembler (AR 26).

1

Thereafter on July 25, 2008, the ALJ concluded, in a written decision, that the Plaintiff was not entitled to a period of disability, DIB or SSI under the Act (AR 11-27). The ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he was insured for benefits through December 31, 2004 (AR 17). The ALJ then determined that his obesity, lumbar degenerative changes, dysthymia, anxiety disorder and polysubstance abuse were severe impairments, but when viewed individually or in combination, did not meet or equal any listed impairment in the regulations (AR 18-20). Finally, the ALJ found that the Plaintiff, a "younger individual" under the regulations, retained the residual functional capacity ("RFC") such that he could perform light exertional work, in a low stress environment, with the need to avoid jobs requiring frequent interaction with the general public or co-workers (AR 20). The ALJ concluded that the Plaintiff could perform the jobs cited by the vocational expert at the administrative hearing (AR 26).

Plaintiff filed his Complaint in this Court on June 23, 2009. The case was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Thereafter, cross motions for summary judgment were filed, and the Magistrate Judge filed a report on August 4, 2010, recommending that the Plaintiff's motion for summary judgment be denied to the extent he requested an award of benefits, but granted to the extent that he sought a remand for further proceedings. *See* Report and Recommendation [Doc. No. 14]. It was further recommended that the Defendant's motion for summary judgment be denied. *Id*. Defendant filed timely objections [Doc. No. 15] and the Plaintiff has filed a response thereto [Doc. No. 16]. This matter is now ripe for disposition.

### III. LEGAL STANDARDS

*A. Standard of Review of an ALJ's decision*

The Court must affirm the determination of the Commissioner unless it is not supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence does not mean a large or considerable amount of evidence, but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)); *see Richardson v.*

2

*Parales,* 402 U.S. 389, 401 (1971). It has been defined as less than a preponderance of evidence but more than a mere scintilla. *See Richardson,* 402 U.S. at 401; *Jesurum v. Secretary of the United States Dept. of Health and Human Servs.,* 48 F.3d 114, 117 (3d Cir. 1995). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Richardson,* 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D.Pa. 1998); *see also Monsour Medical Center v. Heckler*, 806 F.2d 1185, 90-91 (3rd Cir. 1986) ("even where this court acting *de novo* might have reached a different conclusion . . . so long as the agency's factfinding is supported by substantial evidence, reviewing courts lack power to reverse either those findings or the reasonable regulatory interpretations that an agency manifests in the course of making such findings."). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

    *B. Standard of Review of a Report and Recommendation*

    When objections are filed to the report and recommendation of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or the proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3rd Cir. 1989). In so doing, the court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1); *see also Brophy v. Halter*, 153 F. Supp. 2d 667, 669 (E.D.Pa. 2001). The court may also, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980).

### IV. Discussion

    The Plaintiff's medical history is set forth in detail in the Magistrate Judge's Report and Recommendation and will be repeated here only where necessary in assessing whether the ALJ's RFC assessment is supported by substantial evidence. An ALJ must consider all relevant evidence when determining an individual's residual functional capacity. *See* 20 C.F.R. § 404.1545(a); *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3rd Cir. 2000).

"'Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett,* 220 F.3d at 121, quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3rd Cir. 1999); *see also* 20 C.F.R. § 404.1545(a). An individual claimant's RFC is an administrative determination expressly reserved to the Commissioner. 20 C.F.R. § 416.927(e)(2).

Here, the ALJ assessed the Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally, stand, sit, and walk 6 hours in an eight-hour day, and push/pull at weights no greater than lifting. The claimant retains the capacity to perform the exertional demands of light work as defined in 20 CFR 404.1567(b) and 416.967(b) in a low stress work environment. Due to the effects of the claimant's social deficits, he needs to avoid jobs requiring frequent interaction with the general public or co-workers.

(AR 20). Defendant objects to the Magistrate Judge's finding that the ALJ failed to account for several of the Plaintiff's physical and mental limitations in fashioning his RFC. I shall address each of these objections in turn.

*Objection No. 1: The Magistrate Judge erred in recommending a remand based upon the failure of the ALJ to have properly considered various postural limitations*

The Defendant objects to the Magistrate Judge's finding that the ALJ failed to adequately explain in his decision his rejection of the postural limitations imposed by the Plaintiff's treating physician, Dr. Garrett Dixon. Dr. Dixon, a physiatrist, previously treated the Plaintiff in 2004 for his complaints of back and hip pain (AR 276-277). In May 2008, he performed a consultative examination of the Plaintiff pursuant to the request of the Commissioner (AR 584-586). On physical examination, Dr. Dixon reported that the Plaintiff appeared to be in pain while positioning himself on and off the examining table (AR 585). Dr. Dixon found tenderness in his left lower paraspinals and buttock muscles, and reported that the Plaintiff had left groin pain associated with flexion and external rotation on the left foot (AR 585). He was unable to walk on the toes of his left foot and shifted his weight to the right side while attempting to retrieve an object from the floor (AR 586). The rest of his examination was essentially unremarkable (AR 585).

4

Dr. Dixon observed that the Plaintiff had a longstanding history of low back and hip pain, but diagnostic studies failed to demonstrate any condition that explained the intensity of his reported pain (AR 586). He further noted the absence of objective physical findings to guide him in setting the Plaintiff's physical capacities (AR 586). Nevertheless, he stated that he would "place him in the light range avoiding static postures, repetitive bending and lifting, carrying, squatting, crouching and climbing" with "position change as needed for comfort" (AR 586; 590). Dr. Dixon opined that the Plaintiff could frequently lift 10 pounds and occasionally lift 25 pounds, could stand/walk 2 hours in an 8-hour work day, could sit 6 hours in an 8-hour work day, and could occasionally, climb stairs, stoop, kneel, balance, crouch and crawl (AR 587-588).

In his decision, the ALJ rejected the postural limitations imposed by Dr. Dixon stating:

> ... The postural, standing, and walking limitations in this report are not supported and are not adopted to this decision. Dr. Dixon did not identify a single physical finding to support this degree of restriction. At the conclusion of his summary, Dr. Dixon reiterates, "from the standpoint of physical capacities, there are no actual objective findings to guide setting physical capacities". He adds: "At this time I would place him in the light range", which is consistent with the residual functional capacity reached in this decision. However, the undersigned affords no weight to the postural, standing, and walking limitations, as they are not supported by signs, objective findings, or the claimant's activity level that at times, has included spending two hours a day cutting wood.

(AR 23).

The Magistrate Judge determined that "[w]hile Dr. Dixon appeared to lack confidence in his own ability to precisely determine Kachik's actual limitations, his examination findings nevertheless revealed that Kachik had some postural limitations," and the ALJ "pointed to no countervailing evidence to justify his rejection of the postural limitations identified by Dr. Dixon." *See* Report and Recommendation p. 19. The Defendant contends that the ALJ's decision not to include all of the postural limitations found by Dr. Dixon was supported by substantial evidence. Alternatively, he argues that any error was harmless.

Although a treating physician's conclusion should be accorded great weight, it may be rejected if it is unsupported by sufficient clinical data, *Newhouse v. Heckler*, 753 F.2d 283, 286 (3rd Cir. 1985), or contradicted by other medical evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3rd Cir. 1999). Where an ALJ chooses to reject the opinion of a treating physician, he must

adequately explain in the record his reasons for doing so. *Sykes v. Apfel*, 228 F.3d 259, 266 (3rd Cir. 2000). An ALJ may properly give little or no weight to internally inconsistent or unsupported opinions. 20 C.F.R. §§ 404.1527(c)(2), (d)(4), 416.927(c)(2), (d)(4).

Here, the ALJ considered Dr. Dixon's opinion consistent with these standards. While the Magistrate Judge found that the ALJ failed to point to countervailing evidence in rejecting Dr. Dixon's postural limitations, the ALJ, did, in fact provide an adequate explanation in his decision. The ALJ found that the postural limitations imposed were inconsistent with Dr. Dixon's findings on physical examination, noting that he was unable to identify a "single physical finding to support" these restrictions (AR 23). As the ALJ observed, Dr. Dixon admitted that there were "no actual objective findings to guide setting physical capacities" (AR 23; 586). The ALJ further observed that the Plaintiff's diagnostic studies were normal or only reflected mild degenerative changes (AR 18; 161-162; 203; 205-209; 226; 539). Finally, the ALJ found that Dr. Dixon's postural restrictions were inconsistent with the Plaintiff's own activities, which included spending two hours a day cutting wood (AR 23). The ALJ may properly consider the Plaintiff's own reports of his activities in the evaluation Dr. Dixon's findings. *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3rd Cir. 2001).

Alternatively, assuming that the ALJ erred in his treatment of the postural limitations, any such error was harmless. Dr. Dixon opined that the Plaintiff could only "occasionally" climb, stoop, kneel, balance, crouch and crawl (AR 588). The vocational expert testified that an individual with the Plaintiff's RFC as assessed by the ALJ could perform the light jobs of an agricultural produce sorter or assembler (AR 26). Importantly, the postural limitations imposed by Dr. Dixon are not implicated in the performance of these two jobs. The agricultural produce sorter requires no climbing, balancing, stooping, kneeling, crouching or crawling. *See Dictionary of Occupational Titles*, § 529.687-186, 1991 WL 674781 (sorter, agricultural produce) (climbing, balancing, stooping, kneeling, crouching, crawling "not present"). Similarly, the assembler job only requires occasional stooping and crouching, and no climbing, balancing, kneeling or crawling. *See Dictionary of Occupational Titles*, § 706.687-010, 1991 WL 679074 (assembler, production) (climbing, balancing, kneeling and crawling "not present"; stooping and crouching "occasionally"); *see also Rutherford v. Barnhart*, 399 F.3d 546, 553 (3rd Cir. 2005)

(holding that where error by ALJ is harmless and would not affect the outcome of the case, remand is not warranted); *Bovell v. Barnhart*, 2006 WL 1620178 at *2 n.5 (E.D.Pa. 2006) ("Even assuming this omission was in error, the jobs suggested by the VE do not mention exposure to vibration and so any failure to omit a vibration limitation is harmless.").

*Objection No. 2: The Magistrate Judge erred in recommending a remand based upon the ALJ's failure to have considered all of the Plaintiff's mental limitations in fashioning the RFC*

Roger Glover, Ph.D., a state agency reviewing psychologist, reviewed the psychiatric medical evidence of record and completed a Mental Residual Functional Capacity Assessment form (AR 409-412). Under Section I of the form entitled "Summary Conclusions," Dr. Glover found that the Plaintiff was not significantly limited in a number of areas, but was moderately limited in his ability to complete a normal workday and workweek; interact appropriately with the general public; and ask simple questions or request assistance (AR 410). He also found that the Plaintiff was moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors; get along with co-workers; maintain socially appropriate behavior; and respond appropriately to changes in the work setting (AR 410). Under Section III of the form entitled "Explanation of Findings," Dr. Glover concluded:

> He is capable of working within a work schedule and at a consistent pace. He is able to carry out very short and simple instructions. He would be able to maintain regular attendance and be punctual. Moreover, he could be expected to complete a normal workweek without exacerbation of psychological symptoms. He is able to interact appropriately with the general public. Additionally, he is self-sufficient. He would be able to make simple decisions. Also, he can sustain an ordinary routine and adapt to routine changes without special supervision. He remains capable of understanding and remembering instructions, concentrating, interacting with others, and adapting to changes in the workplace. There are no restrictions in his abilities in regards to understanding and memory.

(AR 411). Dr. Glover further concluded that the Plaintiff was "capable of the basic mental demands of competitive work" (AR 412). The ALJ accorded "significant weight" to these findings (AR 23-24).

The Magistrate Judge found that while the ALJ purported to accord significant weight to Dr. Glover's view that the Plaintiff remained capable of meeting the basic mental demands of competitive work on a sustained basis, the ALJ failed to account for the moderate limitations

7

identified by Dr. Glover under Section I of the form in his RFC assessment. *See* Report and Recommendation pp. 21-22. Defendant argues that Section I of the form does not constitute the actual RFC assessment. Rather, the Defendant contends that it is the narrative portion of the form in Section III that constitutes the actual RFC assessment. *See* Defendant's Objections p. 7. I find the Defendant's argument well taken.

Section I of the Mental Residual Functional Capacity Assessment form is entitled "Summary Conclusions" and contains twenty mental functions grouped under four main categories. According to the Social Security Administration Program Operation Manual System ("POMS"), "**Section I is merely a worksheet** to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and **does not constitute the RFC assessment**." POMS § DI 24510.060[1] (emphasis in original). After completing the worksheet in Section I, the consultant is to provide his mental RFC assessment in narrative format in Section III of the form entitled "Explanation of Findings." *Id*. According to the POMS, it is in this Section that the "**actual mental RFC assessment is recorded**, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." *POMS* § DI 24510.060 (emphasis in original). Accordingly, the ALJ was not required to specifically account for the limitations listed in Section I in his RFC or in the hypothetical posed to the vocational expert. *See Cerrone v. Astrue*, 2010 2697923 at *11 n.27 (W.D.Pa. 2010) (ALJ not required to explicitly include all the individual limitations from Section I); *Liggett v. Astrue*, 2009 WL 189934 at *8 (E.D.Pa. 2009) (ALJ not required to include summary findings in the ultimate RFC assessment and properly relied on the statements in Part III that plaintiff was able to carry out simple and basic tasks and follow basic schedules, to determine what limitations were appropriately included in plaintiff's mental RFC); *Molloy v. Astrue*, 2010 WL 421090 at *11 (D.N.J. 2010) (finding that the "ALJ ... was not required to assign *any* weight to this part of the report because it was not the final RFC finding")

---

[1] The POMS is the publicly available internal operating instructions for processing Social Security claims, *see Washington State Dept. of Social Health Servs. v. Keffler,* 537 U.S.371, 385 (2003), available at https://s044a90.ssa.gov/apps10. "While these administrative interpretations are not products of formal rulemaking, they nevertheless warrant respect." *Washington State*, 537 U.S. at 385; *James v. Richman*, 547 F.3d 214, 218 n.2 (3rd Cir. 2008).

(emphasis in original); *Torres v. Comm'r of Soc. Sec.*, 2008 WL 5244384 at *12 (D.N.J. 2008) (finding no error in the ALJ's hypothetical since the limitations found in Section I did not constitute the RFC assessment); *Velez v. Comm'r of Soc. Sec.*, 2010 WL 1487599 at *6 (N.D.Ohio) ("In general, the decisions have respected the Commissioner's argument the ALJ is not required to include the findings in Section I in formulating residual functional capacity.").

The Magistrate Judge also found that while the ALJ "fully" adopted the opinions expressed in Dr. Uran's 2005 examination, he failed to account for some of the limitations contained in that report. *Id*. "For instance," the Magistrate Judge stated, "the ALJ apparently found no limitations concerning Kachik's ability to interact with supervisors, even though Dr. Uran found Kachik to be "moderately" limited in that area." *See* Report and Recommendation p. 22, citing (AR 20; 407). The ALJ, however, was entitled to credit Dr. Glover's assessment as to the extent of any restrictions on the Plaintiff's ability to work. As discussed above, Dr. Glover's conclusion in that regard did not include any limitation with respect to his ability to interact with any supervisors.

## V. CONCLUSION

For the reasons discussed above, the Defendant's motion for summary judgment will be granted and the Plaintiff's motion for summary judgment will be denied. An appropriate Order follows.

## **ORDER**

AND NOW, this 27th day of September, 2010, upon consideration of the cross-motions for Summary Judgment, the Report and Recommendation of the Magistrate Judge, the Defendant's Objections thereto and the Plaintiff's response to the Objections,

IT IS HEREBY ORDERED that the Defendant's Objections [Doc. No. 15] are SUSTAINED and the Report and Recommendation [Doc. No. 14] is NOT ADOPTED as to those issues raised in the Objections.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment [Doc. No. 10] is GRANTED, and the Plaintiff's Motion for Summary Judgment [Doc. No. 8] is

DENIED. JUDGMENT is hereby entered in favor of Defendant, Michael J. Astrue, Commissioner of Social Security, and against the Plaintiff, Joseph P. Kachik.

The clerk is directed to mark the case closed.

                                                  s/ Sean J. McLaughlin
                                                  United States District Judge

cm: All parties of record.